UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFRY ROBBINS,

    Plaintiff

v.    : CIVIL NO. 3:CV-13-0955

MS. LAMAS, et al.,    : (Judge Kosik)

    Defendants

FILED
SCRANTON
APR 2 2 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

### I. Background

Jeffry Robbins ("Robbins"), an inmate at the State Correctional Institution at Dallas, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Listed as Defendants in the caption of the complaint are Ms. Lamas, warden at the State Correctional Institution at Rockview ("SCI-Rockview"), and Ms. Motter, warden at the Clinton County Correctional Facility ("CCCF"). The complaint, as submitted, is somewhat confusing and disjointed. Robbins alleges that his claims arose at both SCI-Rockview and CCCF. He states that documents were stolen from him at SCI-Rockview, but does not identify the documents and state when the documents were taken or by whom. He also alleges that he was "robbed for his pay and discriminated against," again not relating this claim to any particular defendant.

He further alleges that he contracted "sick building syndrome" while at CCCF that left him in severe pain and without medication, and that he was never taken to a hospital. He also alleges that he fell out of bed on February 2, 2013 at the CCCF, and that the last time he saw a doctor was on September 23, 2012. He claims he was never sent to the emergency room to get a diagnosis. Robbins claims that he has been "robbed" and made to go long periods of time without medication. He would like to have his child support payments paid for ten (10) years while he is in prison, as well as receive additional monetary relief to cover costs, fines and "a few tickets" and $15,000.00 to start over once he is released from prison. Robbins proceeds <u>in forma pauperis</u> in this matter.[1] Obligatory preliminary screening reveals that the complaint contains deficiencies which preclude service in its present form.[2] Consequently, plaintiff will be directed to file an amended pleading in this action.

## II. Discussion

---

[1] <u>In forma pauperis</u> status was granted by the Eastern District Court.

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Fed. R. Civ. P. 8(e) states, in pertinent part, that "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 20, states, in pertinent part, the following:

> (A) Permissive Joinder. "All persons may ... be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given against ... one or more of the defendants according to their respective abilities.

Fed. R. Civ. P. 20(a). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

As submitted, it is clear that Plaintiff's complaint is in violation of both Rules 8

3

and 20. To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A civil rights complaint is adequate if it states the conduct, time, place and persons responsible for the alleged civil rights violations. Evancho, 423 F.3d at 353. There is no respondeat superior liability in § 1983 actions. Id.

Plaintiff fails to associate each named Defendant with the alleged conduct they engaged in which violated his rights under the Constitution. He also asserts claims that appear to be completely unrelated, and that do not appear to arise out of the same transaction or occurrence or series of transactions or occurrences. Moreover, it does not appear that the claims involve an issue of law or fact common to all defendants. Further, only the wardens at SCI-Rockview and the CCCF are named as defendants, and Robbins does not associate any specific claims against these individuals. While

Robbins mentions the names of several other employees at these facilities in his complaint, he does not associate them with any particular claims and does not name them as defendants in the caption of the complaint.

Based on the foregoing, it is clear that the instant complaint has numerous deficiencies and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, in the interests of justice to this pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Robbins will be granted an opportunity to file an amended complaint in this action attempting to state an actionable § 1983 claim against a properly named defendant or defendants in accordance with the above principles. He will be afforded twenty (20) days within which to do so. In preparing an amended complaint, Robbins is advised that he must comply with Federal Rule of Civil Procedure 8, and set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed him. The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Further, Robbins is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of

civil rights actions by state and federal prisoners, also compels Robbins' compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a host of separate, independent claims, would circumvent the filing fee requirements of the PLRA. An appropriate Order follows.