UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**SCRANTON**

MAR **1 8** 2014

PER_____

DEPUTY CLERK

| | |
|---|---|
| JEFFRY ROBBINS, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-13-0955 |
| | : |
| MS. LAMAS, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

## MEMORANDUM

### I.    Background

Plaintiff, Jeffry Robbins, an inmate confined at the State Correctional

Institution at Dallas, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C.

§ 1983.  On April 22, 2013, following the preliminary screening of the complaint

pursuant to 28 U.S.C. § 1915(e)(2), Robbins was directed to file an amended

complaint which complied with Federal Rules of Civil Procedure 8 and 20.  (Docs. 9,

10.)  On May 13, 2013, an amended complaint was submitted.  (Doc. 11.)  The only

defendants named in the amended complaint are Ms. Lamas, Warden at the State

Correctional Institution at Rockview, Pennsylvania, and Ms. Motter, Warden at the

Clinton County Jail, Pennsylvania. In the complaint, Robbins alleges that he complained to Lamas and several other prison officials about an issue with his prison pay in September of 2011, but they did nothing about the situation. (Id. at 3.) He claims he was fired by Mr. Pasquali on March 2, 2012, for grieving the issue, and then shipped to the Clinton County Prison. Pasquali is not named as a defendant in this action.

From July of 2012 until February 11, 2013, Plaintiff states that he complained of chronic headaches to the Clinton County Prison medical department. Although they could not determine what was causing the headaches, they refused to send Robbins to the hospital. He claims that he made Defendant Motter aware of this issue and that she refused to help the situation. He claims that he was cut off pain medication for weeks and that he again complained to Motter, but that he failed to even receive an aspirin. He claims that he continued to suffer, getting 7 migraines a day. The filing of grievances yielded no relief. (Id. at 5.) Robbins states that he was at Clinton County Prison for 9 months and that when he first arrived there, copies of his grievances were missing from his property. When he left Clinton County, he states he was returned to SCI-Rockview and then later shipped to SCI-Dallas. Based on the foregoing, he seeks compensatory and punitive damages. Also pending is Plaintiff's motion for the appointment of counsel. (Doc. 12.) For the reasons that

2

follow, the motion for counsel will be denied without prejudice, and service of the amended complaint will be directed.

## II.   Discussion

Quite simply, Plaintiff asks for legal representation because he does not "have much knowledge about the law." (Doc. 12.)  Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499.  Without

3

passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of these motions, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case so far are comprehensible and the claims set forth are not complex. Plaintiff was directed to file an amended complaint in this matter and he has done so. Service of the amended complaint will be directed. Plaintiff is clearly literate and, while it is true that he is incarcerated, he appears able to litigate this action on his own. It cannot be said, at least at this point, that Plaintiff

4

will suffer substantial prejudice if he is required to proceed with the prosecution of this case without the assistance of an attorney. This court's liberal construction of <u>pro se</u> pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion. An appropriate order follows.